||
|---|
| 1 |
| 2 |
| 3 |
| 4 |
| 5 |
| 6 |
| 7 |
| 8 |
| 9 |
| 10 |
| 11 |
| 12 |
| 13 |
| 14 |
| 15 |
| 16 |
| 17 |
| 18 |
| 19 |
| 20 |
| 21 |
| 22 |
| 23 |
| 24 |
| 25 |
| 26 |
| 27 |
| 28 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 05-00395 CRB |
| Plaintiff, | ) ) | [~~PROPOSED~~] ORDER EXCLUDING TIME FROM APRIL 5, 2006 TO JUNE 7, 2006 UNDER THE SPEEDY TRIAL ACT |
| v. | ) ) | |
| YOUNG JOON YANG, et al., | ) ) | |
| Defendants | ) ) | |
| UNITED STATES OF AMERICA, | ) | No. CR 05-00447 CRB |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| MISUK MOORE, et al., | ) ) | |
| Defendants | ) ) | |
| UNITED STATES OF AMERICA, | ) | No. CR 05-00613 CRB |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| CHANG KUN KIM, | ) ) | |
| Defendant | ) ) | |

ORDER
[CR 05-395, 05-447, 05-613, 06-101, 06-192 CRB]

| | | |
|---|---|---|
| 1 | UNITED STATES OF AMERICA, ) | No. CR 06-0101 CRB |
| 2 | Plaintiff, ) | |
| 3 | v. ) | |
| 4 | YON SUK PANG, et al., ) | |
| 5 | Defendant ) | |
| 6 | _____ ) | No. CR 06-0192 CRB |
| 7 | UNITED STATES OF AMERICA, ) | |
| 8 | Plaintiff, ) | |
| 9 | v. ) | |
| 10 | ANTHONY GAR LAU et al., ) | |
| 11 | Defendant ) | |
| 12 | _____ ) | |

On April 5, 2006, defendants in the above-captioned cases appeared, with counsel, before the Court for a status conference. Assistant United States Attorney Peter B. Axelrod appeared on behalf of the United States.

The parties agreed to a continuance of the matter to June 7, 2006, and a corresponding exclusion of time under the Speedy Trial Act (18 U.S.C. § 3161) to provide defense counsel with sufficient time to obtain and review discovery.

Accordingly, the Court HEREBY ORDERS that the time from April 5, 2006, to June 7, 2006, is excluded under the Speedy Trial Act, 18 U.S.C. § 3161. For the reasons set forth above, the Court finds that the failure to grant the requested exclusion would deny defense counsel reasonable time necessary for effective preparation taking into account the exercise of due diligence. Further, the Court finds the exclusion warranted on complexity grounds, under 18 U.S.C. § 3161(h)(8)(B)(ii), based on the number of defendants, the number of calls on the wire and the fact that the vast majority of the calls are in the Korean language. Thus, the Court finds that the ends of justice served by granting the requested exclusion outweigh the best interest of the public and the defendant in a speedy trial and in the prompt disposition of criminal cases.

1  The Court therefore concludes that this exclusion of time should be made under 18 U.S.C. §§
2  3161(h)(8)(A), (h)(8)(B)(ii) and (h)(8)(B)(iv).
3       Further, the Court ORDERS the parties to appear for a status conference on June 7, 2006,
4  at 9:30 a.m. in Courtroom #8 on the 19th Floor of the Federal Building.
5       IT IS SO ORDERED.

7  DATED:   04/12/06



                                        CHARLES R. BREYER
                                        UNITED STATES DISTRICT JUDGE

ORDER
[CR 05-395, 05-447, 05-613, 06-101, 06-192 CRB]        3